**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **SHERRI PARKER,** )<br>)<br>**Plaintiff,** )<br>) **Civil Action File No.**<br>**v.** )<br>)<br>**PROSEGUR SERVICES GROUP, INC.** )<br>**F/K/A COMMAND SECURITY** )<br>**CORPORATION a foreign profit** )<br>**corporation,** )<br>)<br>**Defendant.** )<br>_____ ) | |

**DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL**

Defendant, PROSEGUR SERVICES GROUP, INC. f/k/a COMMAND SECURITY CORPORATION ("Defendant"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, Rule 4.02 of the Local Rules of the United States District Court for the Middle District of Florida, and Title 28 of the United States Code §§ 1331, 1332, 1367, 1441, and 1446, hereby files this Notice of and Petition for Removal. Defendant requests that this Court remove the civil action filed by Plaintiff, Sherri Parker ("Plaintiff"), in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. The grounds for removal of this civil action are set forth below.

**I.     INTRODUCTION**

Plaintiff filed, but did not serve, a Complaint in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, bearing case name *Sherri Parker v. Prosegur Services Group, Inc. f/k/a Command Security Corporation*, and assigned case number 2020-CA-000420

(the "Circuit Court Case"). On May 11, 2020, Plaintiff filed an Amended Complaint ("Amended Complaint") in the Circuit Court Case. On June 2, 2020, Defendant executed a Waiver of Service of Process, thereby accepting service of the Amended Complaint. Copies of all process, pleadings and other papers on file in the Circuit Court Case are attached hereto as **Composite Exhibit "A"** as required by 28 U.S.C. § 1446(a) and Local Rule 4.02 of the United States District Court for the Middle District of Florida.

In her Amended Complaint, Plaintiff seeks relief for alleged violations of the Florida Whistleblower Act, § 448.101, Fla. Stat., *et seq.* ("FWA") (Count I), and Section 1558 of the Affordable Care Act ("ACA") (Count II). *See* Comp. Ex. "A," Am. Compl. This action satisfies the jurisdictional requirements of 28 U.S.C. §§ 1331, 1332(a), and 1367, because the Amended Complaint alleges claims under federal law, and complete diversity exists among the parties and the amount in controversy exceeds $75,000.

This Notice of and Petition for Removal has been filed within 30 days of Defendant's June 2, 2020 execution of the Waiver of Service of the Amended Complaint in the Circuit Court Case. Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Further, the United States District Court for the Middle District of Florida, Tampa Division, encompasses the judicial district in which Plaintiff filed her Amended Complaint. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b) of the United States District Court for the Middle District of Florida.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition for Removal in the Circuit Court Case.

## II. REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

### A. THE COURT HAS FEDERAL QUESTION JURISDICTION OVER PLAINTIFF'S ACA CLAIMS IN COUNT II OF THE AMENDED COMPLAINT

The district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff asserts claims under Section 1558 of the ACA in Count II of the Amended Complaint. Accordingly, this civil action is within the original federal question jurisdiction of the United States District Court and may be removed from state court pursuant to 28 U.S.C. §§ 1331, 1441, and 1443.

### B. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S FWA CLAIMS IN COUNT I OF THE AMENDED COMPLAINT

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law FWA claims alleged in Count I of the Amended Complaint. "Section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the 'case or controversy' standard of Article III of the Constitution." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-743 (11th Cir. 2006) (cite omitted). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Id.* at 743.

Plaintiff's claims under the FWA arise from the same set of facts and circumstances as Plaintiff's ACA claims, namely, the employment relationship between the parties. *See* Comp. Ex. "A," Am. Compl. Indeed, Plaintiff incorporates by reference all of the factual allegations of the Amended Complaint into her federal and state law claims. *See id.* at re-alleged and readopted paragraphs prior to ¶¶ 46 and 56. Simply put, each of Plaintiff's claims involves the same facts, the same occurrences, and generally the same evidence. As such, Plaintiff's state law FWA claims form part of the same case or controversy raised by Plaintiff's federal ACA claims. Therefore, the

3

Court has supplemental jurisdiction over Count I of the Amended Complaint. *See* 28 U.S.C. § 1367(a); *Parker*, 468 F.3d 733 at 743.

## III. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A. STANDARD FOR REMOVAL BASED ON DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where the basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the defendant has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000 by a preponderance of the evidence. *See Wineberger v. RaceTrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 U.S. Dist. LEXIS 5570, *4 (M.D. Fla. Jan. 16, 2015), *aff'd* 672 F. App'x 914 (11th Cir. 2016).

### B. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

#### i. Plaintiff is a Citizen of the State of Florida

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). An individual is a citizen of the state in which she is domiciled, which is the state where the individual maintains her "true, fixed, and permanent home and principal establishment, and to which she has the intention of returning whenever she is absent therefrom." *Id.* at 1257-58 (internal quotation and cite omitted). In her Amended Complaint, Plaintiff alleges that she "is a resident of Polk County, Florida." Comp. Ex. "A," Am. Compl. at ¶¶ 5, 10.

#### ii. Defendant is a Citizen of New York and Virginia

For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of every

4

State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). Defendant is incorporated under the laws of the State of New York, and maintains its principal place of business in the Commonwealth of Virginia. *See* Declaration of Shannon Hughes Swayney, ¶ 3, attached hereto as **Exhibit "B;"** Comp. Ex. "A," Am. Compl. at ¶ 6. Therefore, there is complete diversity of citizenship between the parties, and removal is effected by a nonresident defendant.

### C. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000[1]

Plaintiff alleges claims for the following categories of damages: (1) lost wages and benefits; (2) compensatory damages, including "extreme and severe" emotional distress, humiliation, and loss of reputation; (3) front pay/reinstatement; and (4) attorneys' fees. Comp. Ex. "A," Am. Compl. at ¶¶ 51-55, 63-67 and WHEREFORE clauses at pp. 8, 10-11. Plaintiff asserts that her damages are in excess of $30,000, exclusive of interest, fees, and costs. *Id.* at ¶ 8.[2]

"Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show that by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, *6 (M.D. Fla. July 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744,

---

[1] The following analysis is made to demonstrate that the amount in controversy in this action is more likely than not to be in excess of the jurisdictional limit. By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

[2] Additionally, Plaintiff made a settlement demand for damages, exclusive of interest, attorneys' fees, and costs, well in excess of the $75,000 jurisdictional threshold.

752 (11th Cir. 2010)). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (emphasis added).

      **i.   Back Pay and Front Pay**

Should Plaintiff prevail on her claims under the FWA or the ACA, she would be presumptively entitled to recover damages for back pay, and front pay or reinstatement. § 448.103(2)(d), Fla. Stat.; § 1558 of the ACA; 15 U.S.C. § 2087(b)(4)(A)-(B). For the purpose of estimating the amount in controversy, the potential back pay award may be computed from the date of the adverse employment action until the proposed trial date, less mitigation. *See Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *5 (M.D. Fla. Jan. 17, 2017); *Cashman v. Host, Int'l*, 2010 U.S. Dist. LEXIS 123164, *4 (M.D. Fla. Nov. 9, 2010).

At the time of her termination, Plaintiff's hourly rate of pay was $11.50. Ex. "B," Swayney Decl. at ¶ 5. Plaintiff's gross pay was $21,198.85 for the approximately 11 months she worked for Defendant, which averages to $1,927.17 per month. *Id.* at ¶ 5. No trial date has been set in this case. It is reasonable to estimate a trial date of approximately twelve months from the date of

removal, or July 2021.[3] For purposes of this Notice of and Petition for Removal, Plaintiff's back pay damages can be determined by calculating her lost wages from her last day of employment, February 22, 2018 (Comp. Ex. "A," Am. Compl. at ¶ 12), through an estimated trial date of July 2021, or 41 months. Accordingly, Plaintiff's back pay damages through trial would be **$79,013.97**.

Although Plaintiff does not specify whether she seeks front pay or reinstatement, "this does not discredit Defendant's amount in controversy calculation." *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *5-6, n.2. Courts in this Circuit have previously held that it is reasonable to add one year of front pay to the amount in controversy in an employment case. *See id*. at *6 (citing cases). While Defendant maintains that Plaintiff should not receive any relief in this case, one year of front pay damages would conservatively amount to **$23,126.04**. Accordingly, the combined amount of back pay and front pay damages that Plaintiff put in controversy in this case totals **$102,140.01**. This amount exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

    **ii.**     **Emotional Distress Damages**

Plaintiff seeks to recover compensatory damages, including damages for "pain and suffering, humiliation, extreme and severe emotional distress and mental anguish." Comp. Ex. "A," Am. Compl. at ¶¶ 53, 65, and WHEREFORE clauses at pp. 8, 10-11. These types of damages are expressly provided for by the FWA and ACA. *See* § 448.103(2)(e), Fla. Stat.; § 1558 of the ACA; 15 U.S.C. § 2087(b)(4)(C).

When calculating the amount in controversy for compensatory damages, including those

---

[3] *See* Local Rule 3.05(c)(2)(E), M.D. Fla. L.R. ("It is the goal of the court that a trial will be conducted in all Track Two Cases within two years after the filing of the complaint, and that most such cases will be tried within one year after the filing of the complaint."); *Deel v. Metromedia Rest. Servs.*, No. 3:05-cv-120-MCR, 2006 U.S. Dist. LEXIS 10174, *15, n.8 (N.D. Fla. Feb. 27, 2006) ("A trial date of approximately twelve months from the date of filing (in this case, the removal date of April 7, 2005) is customary.").

based on emotional distress, it is not necessary for courts to "pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy." *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *7. However, it is appropriate to consider compensatory damage awards, including those based on emotional distress, in prior similar cases. *See, e.g., Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. Mar. 5, 2012), *adopted by* 2012 U.S. Dist. LEXIS 53529 (N.D. Fla. Apr. 17, 2012). Jury verdict reports in similar actions where compensatory damages were awarded confirm that prevailing plaintiffs can, and have, recovered awards that satisfy or exceed the jurisdictional threshold in employment cases. *See, e.g., Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000) (upholding jury verdict in the Southern District of Florida awarding $150,000 in damages for mental anguish and intangible injuries); *Mark DeCarlo v. City of Tallahassee*, 4:14-cv-00388-WS-CAS (N.D. Fla. Mar. 2, 2016) (jury award of $700,000 in pain and suffering damages); *Reilly v. Duval County*, No. 3:04-cv-1320-J-32MCR, 2007 U.S. Dist. LEXIS 52926 (M.D. Fla. July 23, 2007) (jury awarded $75,000 for mental distress damages); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) ($100,000 in emotional damages awarded). Compensatory damages and special damages under the FWA and ACA are not capped.

It is reasonable, therefore, for the Court to consider a conservative estimate of approximately **$35,000** in emotional distress damages for the purposes of determining the amount in controversy.

### iii.    Attorneys' Fees

Plaintiff seeks recovery of her attorneys' fees for her claims under the FWA and the ACA. Comp. Ex. "A", Am. Compl. at WHEREFORE clauses at pp. 8, 10-11. The recovery of attorneys' fees is expressly provided for by the FWA and the ACA. *See* § 448.104, Fla. Stat.; § 1558 of the

ACA; 15 U.S.C. § 2087(b)(4)(C). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Brown v. Cunningham Lindsey U.S., Inc.*, 2005 WL 1126670, at *13 (M.D. Fla. May 11, 2005) (citing *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6. Attorneys' fees should be calculated through the trial date. *See Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008) (holding that amount in controversy was satisfied where plaintiff sought $49,413.72 for treatment and care and defendant offered evidence that attorneys' fees would reach at least $28,000 during litigation); *Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094-J-12HTS, 2007 U.S. Dist. LEXIS 20746, *7 (M.D. Fla. Mar. 23, 2007) (holding that defendant's counsel's estimate of plaintiff's attorneys' fees through trial was not a conclusory or speculative allegation); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *7 (finding estimate that plaintiff's attorneys' fees through the time of trial would amount to at least $62,500 was reasonable).

Here, Plaintiff's counsel could be expected to expend at least 125 hours prosecuting the Civil Court Case, which would include depositions of witnesses, drafting and answering discovery, briefing an opposition to Defendant's anticipated dispositive motion, and preparing for and attending a three-to-four day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least **$30,000** in attorney's fees. This amount should also be included in the calculation of the amount in controversy.

    iv.   **Total Amount in Controversy**

While Defendant vehemently disputes the allegations in the Amended Complaint, including, but not limited to, Plaintiff's claims for damages, it is beyond dispute that the amount

9

in controversy exceeds the $75,000 jurisdictional threshold for diversity jurisdiction. The amount in controversy that may be reasonably extrapolated from the Amended Complaint includes back pay, front pay, emotional distress damages, and reasonable attorneys' fees. Accordingly, using the lowest estimates provided herein, the amount in controversy totals **$167,140.01**, well in excess of the threshold amount of $75,000.

**WHEREFORE**, Defendant respectfully requests that the United States District Court for the Middle District of Florida, Tampa Division, accept the removal of *Sherri Parker v. Prosegur Services Group, Inc. f/k/a Command Security Corporation*, Case No. 2020-CA-000420, from the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, and direct that the Circuit Court have no further jurisdiction over this action.

DATED this 1st day of July, 2020.

> Respectfully submitted,
> JACKSON LEWIS P.C.
>
> By: */s/ Lindsay D. Swiger*
> BENJAMIN D. SHARKEY
> Florida Bar No. 0389160
> LINDSAY D. SWIGER
> Florida Bar No. 45783
> 501 Riverside Avenue, Suite 902
> Jacksonville, FL  32202
> Benjamin.Sharkey@jacksonlewis.com
> Lindsay.Swiger@jacksonlewis.com
> Nicole.Blankenship@jacksonlewis.com
> JacksonvilleDocketing@jacksonlewis.com
> 904-638-2655/ fax: 904-638-2656
>
> *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 1st day of July 2020, a true and correct copy of the foregoing has been filed via CM/ECF and served via electronic mail to the following counsel of record:

Cathleen Scott, Esq.
SCOTT WAGNER & ASSOCIATES, P.A.
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com

Richard Celler, Esq.
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84
Suite 103
Davie, FL 33324-4104
Email: richard@floridaovertimelawyer.com

*Attorneys for Plaintiff*

                                                  */s/ Lindsay D. Swiger*

4835-7887-8912, v. 1