## IN THE CIRCUIT COURT OF THE 10TH JUDICIAL CIRCUIT IN AND FOR POLK COUNTY, FLORIDA

### CASE NO. 2020CA000420

SHERRI PARKER,

    Plaintiff,

v.

PROSEGUR SERVICES GROUP, INC. F/K/A
COMMAND SECURITY CORPORATION
a foreign profit corporation,

    Defendant.

_____/

### **AMENDED COMPLAINT**

    The Plaintiff, SHERRI PARKER [hereinafter referred to as "PARKER" or "Plaintiff"], by and through her undersigned counsel, hereby sues the Defendant, PROSEGUR SERVICES GROUP, INC., f/k/a COMMAND SECURITY CORPORATION, a foreign corporation, [hereinafter referred to as "COMMAND SECURITY" or Defendant], and as grounds therefore states as follows:

### INTRODUCTION

1. Plaintiff PARKER brings this action for retaliation under the Florida Statute §448.102(1)-(3) of the Florida Whistle Blower Statute.

2. Plaintiff PARKER also brings this claim under to § 1558 of the Affordable Care Act and ERISA § 510, 29 U.S.C. §1140

3. Plaintiff PARKER brings this claim on her own behalf for Defendant's retaliation of her after reporting its failure to provide adequate health coverage in violation of the Affordable

Care Act ["ACA"]. Defendant's conduct violates Florida Statute §448.102(1)-(3) of the Florida Whistle Blower Statute as well as § 1558 of the Affordable Care Act.

## JURISDICTION & VENUE

4. This Court has jurisdiction over Plaintiff's state court claims under Fla. Statute §448.103(1)(b). The court has concurrent jurisdiction of Plaintiff's other claims.

5. Plaintiff is a resident of Polk County, Florida and at all times material hereto was employed by Defendant at its Polk County, Florida location.

6. Defendant is a corporation conducting business in Polk County with a principal place of business at 512 Herndon Parkway Suite A, Herndon, VA 20170.

7.  Venue is proper.

8. Plaintiff seeks damages in excess of $30,000.00

9. Plaintiff has exhausted all administrative remedies prior to her filing of this Complaint and has otherwise fulfilled all conditions precedent.

## THE PARTIES

10. Plaintiff PARKER is a resident of Polk County, Florida, a former employee of Defendant COMMAND SECURITY and an individual subject to the protections of the Florida Whistleblower Act, Fla. §448.102 et. seq.

11. Defendant COMMAND SECURITY is a corporation conducting business in Polk County. Defendant is an "employer" within the meaning of Florida's Whistleblower Act,§448.101 et. seq., Fla. Stat.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed with Defendant in the position of security officer from on or about March 17, 2017, up to and including her separation on February 22, 2018.

13. Plaintiff worked for Defendant at its Polk County, Florida location of 305 Deen Still Road, Davenport, Florida 33897.

14. At all times material hereto, Defendant employs ten (10) or more persons.

15. Plaintiff was employed from March 17, 2017 until her separation on February 22, 2018.

16. During Plaintiff's employment, Plaintiff was told the company offered health benefits as required under the Affordable Health Care Plan.

17. Plaintiff met all financial obligations to be entitled to health insurance. Defendant deducted premiums.

18. Upon her eligibility, Plaintiff enrolled herself and family in the Defendant's healthcare plan.

19. Plaintiff's husband became seriously ill and was in and out of the hospital from August 2017 until December 2017.

20. It was not until her husband's illness that Plaintiff was informed that her health insurance was not a major medical plan and that Plaintiff was now financially responsible for the hospital bills which are in excess of one million dollars ($1,000,000).

21. Upon learning this, when Plaintiff returned to work she immediately complained and objected to her Account Manager Ruben Pacheco who indicated that he was sorry and stated, "that's why there's a thing called bankruptcy."

22. Defendant's intentionally misinformed and misled Plaintiff about her health coverage.

23. As a result of Defendant failing to provide proper health insurance despite Plaintiff having the premiums deducted from her paycheck, Plaintiff filed a complaint with the Department of Labor on December 7, 2017.

24. Upon learning of Plaintiff's complaint to the Department of Labor, Defendant retaliated against Plaintiff.

25. In particular, Defendant made retaliatory remarks indicating that Plaintiff was trying to get people fired and hurt the company.

26. Further on February 16, 2018, Plaintiff called out sick within the policy guidelines, four hours before the start of her shift.

27. Upon Plaintiff's scheduled return on February 22, 2018, Plaintiff was presented with a written warning for not following the call out policy.

28. Plaintiff then requested to see the policy she violated and was told that she was either to sign the warning or be terminated.

29. Plaintiff then asked if she had a right to the policy and as a result was terminated.

30. Later, on or around February 2018, Plaintiff received a call from Mr. Ruben Pacheco, Account Manager, asking Plaintiff to return to work.

31. On March 2, 2018, Plaintiff received an email from Mr. Pacheco stating that Defendant is "willing to return you to work full time at your pay rate on the condition that you reply to this email stating that you are willing to return to work, withdrawing your OSHA and DOL claim." (See email dated March 2, 2018 attached hereto as Exhibit 1).

32. Plaintiff refused to withdraw her complaint with the DOL.

33. Defendant refused to reinstate her.

34. Plaintiff contends that her objections and complaints about the Defendant's health plan together with her DOL filing, constitutes protected activity under the WBA and the ACA.

35. Defendant took adverse employment actions against Plaintiff including:

    a.  being told that's what bankruptcy is for;

b.  being falsely accused of violating a non-existent policy;

c.  being terminated;

d.  being intimidated and extorted to drop her complaint in exchange for reinstatement; and

e.  being denied reinstatement

36. Plaintiff contends the adverse action taken was in retaliation for her complaints regarding Defendant's failure to provide adequate health insurance, despite the fact that Plaintiff was enrolled, and that Defendant was deducting the premiums.

37. Plaintiff found out she did not have proper health insurance coverage on the day before a life-saving surgery for her husband.

38. Plaintiff's financial stability has been ruined by the actions of Defendant.

39. Plaintiff's health has been severely affected by the actions of Defendant. PARKER has suffered, and continues to suffer, stress, anxiety, depression, distress in her marriage; the damages caused by Defendant have been beyond financial.

**EXHAUSTION OF REMEDIES**

40. This court has jurisdiction over Plaintiff's retaliation claims as established by OSHA's regulations, at 29 C.F.R. § 1984.114, which states that the complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States, which will have jurisdiction over such an action without regard to the amount in controversy… If there has been no final decision of the Secretary within 210 days of the filing of the complaint."

41. Plaintiff PARKER filed a Whistleblower Complaint with the Department of Labor's Occupational Safety and Health Administration on June 1st, 2018, regarding Defendant's retaliation against Plaintiff.

42. Over 210 days have passed since Plaintiff filed her complaint and there has been no final decision made by the agency.

43. This court has jurisdiction over Plaintiff's retaliation claims as established by OSHA's regulations, at 29 C.F.R. § 1984.114, which states that the complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States, which will have jurisdiction over such an action without regard to the amount in controversy… If there has been no final decision of the Secretary within 210 days of the filing of the complaint."

44. Plaintiff PARKER filed a Whistleblower Complaint with the Department of Labor's Occupational Safety and Health Administration on June 1st, 2018, regarding Defendant's retaliation against Plaintiff.

45. Over 210 days have passed since Plaintiff filed her complaint and there has been no final decision made by the agency

**COUNT I**
**RETALIATION**
**IN VIOLATION OF §448.102(2) and (3)**

Plaintiff PARKER re-alleges and readopts the allegations contained in paragraphs 1 through 45 above as if set forth fully herein.

46. As set forth in the common allegations, Plaintiff engaged in protected activities including:

    a. making objections and complaints about the Defendant's lack of a complaint health plan; and

       b. Filing complaints and participating the investigation with the DOL

47. Plaintiff's treatment following her complaints and her termination constitute adverse employment actions.

48. Plaintiff's complaint and her adverse action are causally related.

49. Defendant has no just basis for Plaintiff's termination or the other adverse employment actions.

50. The Defendant's conduct as described herein violates the Florida Whistleblower Statute.

51. As a direct, natural, foreseeable, and proximate result of these actions and inactions of Defendant, Plaintiff has suffered injuries and losses including the violation of her statutory rights, loss of reputation, back pay, and special damages including attorney's fees and costs, compensatory damages, all of which, injuries and losses, are continuing and permanent in nature.

52. As a result of Defendant's conduct, Plaintiff suffered damages.

53. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation, Plaintiff has suffered and will continue to suffer damages including, wages, pain and suffering, humiliation, extreme and severe emotional distress and mental anguish; Plaintiff has suffered and will continue to suffer a loss of earnings and other employment related benefits and job opportunities. As a result, Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial. In addition to compensatory damages, Plaintiff is entitled to reinstatement or front pay, back wages and other relief the court deems just.

54. As a further direct and proximate result of the Defendant's violation as herein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable attorney's fees and costs.

55. Plaintiff requests that attorney's fees, costs and expenses be awarded pursuant to Florida Statute § 448.104.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general and compensatory damages, reinstatement, or front pay, back pay, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to Florida Statute § 448.104, and that Plaintiff be awarded such other relief as the Court deems just and proper. Plaintiff further demands trial by jury.

## COUNT II
## RETALIATION
## IN VIOLATION OF AFFORDABLE CARE ACT

Plaintiff PARKER re-alleges and readopts the allegations contained in paragraphs 1 through 45 above as if set forth fully herein.

56. As set forth in the common allegations, Plaintiff complained to the Department of Labor regarding the failure to provide adequate health insurance.

57. Plaintiff's complaint in writing advising of the Defendant's failure to provide adequate health insurance constitutes protected activity under the Affordable Care Act.

58. Plaintiff's treatment following her complaints and her termination constitute adverse employment action.

59. Plaintiff's complaint and her termination are causally related.

60. Defendant has no just basis for Plaintiff's termination.

61. The Defendant's conduct as described herein violates the Affordable Care Act.

62. The conduct of Defendant deprived Plaintiff of her rights under the Affordable Care Act, to make legitimate complaints about the Defendant's failure to provide adequate health insurance.

63. As a direct, natural, foreseeable, and proximate result of these actions and inactions of Defendant, Plaintiff has suffered injuries and losses including the violation of her statutory rights, loss of reputation, back pay, and special damages including attorney's fees and costs, compensatory damages, all of which, injuries and losses, are continuing and permanent in nature.

64. As a result of Defendant's conduct, Plaintiff suffered damages.

65. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation, Plaintiff has suffered and will continue to suffer damages including, wages, pain and suffering, humiliation, extreme and severe emotional distress and mental anguish; Plaintiff has suffered and will continue to suffer a loss of earnings and other employment related benefits and job opportunities. As a result, Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

66. As a further direct and proximate result of the Defendant's violation as herein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable attorney's fees and costs.

67. Plaintiff requests that attorney's fees, costs and expenses be awarded pursuant to the Affordable Care Act.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general and compensatory damages, reinstatement, or front pay, back pay, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs

pursuant to § 1558 of the Affordable Care Act, and that Plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all triable issues.

Dated this 11th day of May 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com

Richard Celler, Esq.
Florida Bar No. 173370
Richard Celler Legal, P.A.
10368 W. SR. 84
Suite 103
Davie, FL 33324-4104
Phone:  866-344- 9243
Email: richard@floridaovertimelawyer.com

On Fri, Mar 2, 2018 at 9:46 PM Ruben Pacheco
<RPacheco@commandsecurity.com<mailto:RPacheco@commandsecurity.com>> wrote:
March 2, 2018

Dear Ms. Parker,

Command Security is willing to return you to work full time at your pay rate on the condition that you reply to this email stating that you are willing to return to work, withdrawing your OSHA and DOL claim.  It is also, necessary that you specify that you declined to seek any compensation on this matters and that you considered this issues fully resolved.  This steps are necessary for Command Security to ensure that all this issues have been placed behind us and everyone is able to move forward.


An example of what the email or hand written statement could look like is as follows:

March 2, 2018

Dear Ruben,

As consideration to return to work, I hereby withdraw my OSHA DOL claims and will not seek any back wages or other relief. I consider these matters resolved.

(Signed) Sherry Parker

Note: Please understand that we cannot move forward with the employment unless this email or hand written statement (text message will not do) is provided as a sign of good will.  I am currently awaiting for you answer before proceeding.  Thank you


Regards,

Ruben Pacheco
Account Manager
Amazon MCO5
(863) 420-2103 W
(703) 861-1674 WC
pacruben@amazon.com<mailto:pacruben@amazon.com>
[CSC logo]
CONFIDENTIALITY NOTICE: The contents of this e-mail message may be privileged and confidential. If you have received this transmission in error, please immediately notify me by reply e-mail and destroy the original transmission and its attachments without saving them in any manner. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

EXHIBIT 1